**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**NELSON RIVAS, a.k.a. NELSON**
**RIVAS ALVAREZ,**

　　　　　　**Petitioner,**

**v.**　　　　　　　　　　　　　　　　　　**Civil Action No. 1:18cv62**
　　　　　　　　　　　　　　　　　　　　　**(Judge Keeley )**

**JOE COAKLEY,**

　　　　　　**Respondent.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On March 23, 2018, the *pro se* Petitioner, an inmate incarcerated at USP Hazelton in

Bruceton Mills, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §

2241. ECF No. 1.  The Clerk of Court issued a Notice of Deficient Pleading. ECF No. 2. On

April 5, 2018, Petitioner paid his $5.00 filing fee.

### II. Facts[1]

#### A. Conviction and Sentence

After a jury trial in the United States District Court for the Eastern District of

Wisconsin, Petitioner was convicted of conspiracy to distribute cocaine; possessing cocaine

with intent to distribute; felon in possession of a firearm, and using and carrying a firearm

during a drug trafficking offense. Because of his two prior state felony drug offense

convictions, in 1992, Rivas was sentenced under 28 U.S.C. § 841(b) to life in prison on the

conspiracy count, to run concurrently with  30-year and 20-year terms for the drug and firearm

---

[1] The facts are taken from the Petitioner's criminal Case No. 2:91cr217-1 in the United States District Court for
the Eastern District of Wisconsin, available on PACER. Unless otherwise noted, the ECF entries in this section
refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may
properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989)
("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

possession counts, and consecutively to a 5-year term for the firearm use count.

Rivas appealed; on appeal, the District Court's judgment was affirmed. United States v. Rivas, 16 F.3d 1226 (7th Cir. 1994) (unpublished). On June 13, 1994, the United States Supreme Court denied *certiorari*.

## B. Motions to Vacate and Other Collateral Attacks

On July 23, 2001, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 [ECF No. 98]; it was dismissed as time-barred on November 8, 2001.  Petitioner appealed the District Court's decision; the Seventh Circuit Court of Appeals reversed and remanded with instructions to address the retroactivity of Apprendi.[2] ECF No. 113. On remand, on August 5, 2002, Rivas' § 2255 petition was again dismissed as time-barred.  ECF No. 120. He did not appeal.

Since then Rivas has attempted several unsuccessful collateral attacks of his conviction and/or sentence under 28 U.S.C. § 2241, one in the District of Kansas, Rivas v. Booker, No. 5:99-cv-03001-RDR (D. Kan. Mar. 24, 2000), and one in this district.  See Rivas v. O'Brien, No. 1:11cv141 (N.D. W.Va. Aug. 12, 2013).

Rivas also filed three § 2255 motions that the sentencing court dismissed as unauthorized. No. 2:17-cv-00793-JPS (E.D. Wis. Dec. 18, 2017); No. 2:14-cv-00732-RTR (E.D. Wis. June 25, 2014); No. 2:12-cv-01177-RTR (E.D. Wis. Nov. 19, 2012), certificate of appealability denied, No. 13-1079 (7th Cir. July 12, 2013).

On April 2, 2018, the Seventh Circuit Court of Appeals denied Rivas' 28 U.S.C. §§ 2244(b)(3) and 2255(h) motion for leave to file another collateral attack. ECF 169.

## III. Analysis

A district court should construe *pro se* petitions liberally, no matter how unskillfully

---

[2] Apprendi v. New Jersey, 530 U.S. 466 (2000).

pleaded.  See Haines v. Kerner, 404 U.S. 519, 520 (1972). "Although the pleading requirements are construed liberally, '[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader. If it fails to do so, a motion under Rule 12(b)(6) will be granted.' 2 Moore's Federal Practice § 12.34[1][b], at 12-60 (3rd ed.)." Minone v. McGrath, 435 F.Supp. 2d 266 (S.D.N.Y. 2006).

The petitioner's motion is unintelligible. He appears to be contending that he is entitled to receive payment on a Treasury Warrant.  ECF No. 1 at 5.  He alleges that "[b]y way of security, I have assigned my right to receive payment on the Treasury Warrant underlying criminal docket 2:91-Cr-00217-RTR-1" and that "[t]his became effective on January 17, 2018." Id. Petitioner further claims that his attached "original Bill of Sale (FMS Form 231)" is documentary evidence of his assignment. Id.; see also General Power of Attorney, ECF No. 1-1 at 2.  Petitioner avers that there is no "exonerative fact" that has been presented in any other court. Id. at 7.

As reason why he did not seek a remedy under § 2255, Petitioner explains that "[t]he 2255 motion is inadequate for this matter because I am not merely attacking the conviction. For the exonerative fact I presented, the "Common Law" Habeas Corpus is my only remedy for relief." Id. at 9.

As relief, he avers that

I request that the Bill of Sale (FMS Form 231), be turned over to the Department of the Treasury's designated disbursing officials, (U.S. Marshal's Office), for formal processing. Furthermore, I request that the Habeas Corpus Writ be granted forthwith to formally exonerate me from liability[.]

ECF No. 1 at 13.

In summary, the Petitioner rambles incoherently and does not assert factual allegations which would give rise to a valid basis for relief which this Court has the authority to grant.

3

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED as unintelligible, and for failure to state a claim upon which relief can be granted**, and **DISMISSED with prejudice** from the docket.

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

DATED: July 6, 2018

/s/ *Michael John Aloi*_____

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE